# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BURTON A. SMITH,

               Plaintiff

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

               Defendant

CIVIL ACTION

No. 07-3943

## MEMORANDUM

March 26, 2009

      United States Magistrate Judge Arnold C. Rapoport has filed three Report and

Recommendations ("R&Rs") in this appeal of a decision by the Social Security

Commissioner ("the Commissioner") denying benefits to claimant Burton Smith.  The

third and final R&R is now before this court.  Upon consideration of the record of the

proceedings before the ALJ, the R&R, and claimant's objections to the R&R, and

pursuant to 42 U.S.C. § 405(g), this court approves and adopts Magistrate Judge

Rapoport's R&R upholding the ALJ's decision.

      The relevant facts in this case are set out in Magistrate Judge Rapoport's R&R.

This case first came before Magistrate Judge Rapoport on appeal from an ALJ's decision

-1-

denying benefits on July 26, 2004.  Magistrate Judge Rapoport recommended that the

ALJ's decision denying benefits be sustained as supported by substantial evidence "but

for his failure to obtain evidence to clarify the effect of the assessed limitations on the

Plaintiff's occupational base."  March 30, 2006 R & R, at 12.  Magistrate Judge Rapoport

recommended a limited remand for the purpose of obtaining evidence from a qualified

vocational expert, and this court adopted that recommendation.

Another hearing was held before an ALJ on December 22, 2006.  The ALJ noted

that Smith had filed a new application for benefits on June 1, 2005 and that Smith's

eligibility for disability insurance benefits ("DIB") had lapsed on December 31, 1999.

The ALJ therefore considered Smith's residual functional capacity ("RFC") to determine

his eligibility for DIB and supplemental security income ("SSI") before June 1, 2005, as

well as his RFC and eligibility for SSI after July 1, 2005.  The ALJ issued a decision on

January 25, 2007, concluding that Smith was not disabled and was not entitled to benefits

prior to June 1, 2005 because he retained the RFC to do jobs which existed in significant

numbers in the national economy, but that Smith was disabled and entitled to SSI benefits

for the time period after June 1, 2005.  This decision became the final decision of the

Social Security Commissioner.  Smith objects to the pre-June 1, 2005 determination.

Magistrate Judge Rapoport issued an R&R affirming the Commissioner's decision

on May 20, 2008.  However, because of a docketing error, Smith did not receive a copy of

the R&R in time to file any objections.  Because of this error, and on motion from the

Commissioner, this court vacated the R&R on July 28, 2008 and re-referred the case to Magistrate Judge Rapoport, who, after considering additional filings from the claimant, issued a new R&R on October 7, 2008, again recommending that the decision of the Commissioner be affirmed.

Smith objects to this recommendation, arguing that the ALJ must have considered *ex parte* evidence because the ALJ's decision, in the first paragraph, refers to a vocational expert ("VE") other than the vocational expert who actually testified at the hearing. This argument is without merit; there is no indication that the problem was anything other than a minor typographical error simply misidentifying the VE who testified. The transcript of the hearing makes it clear that VE Agnes Gallen testified, and her qualifications are in the record and were stipulated to at the hearing. R. at 317. The ALJ's reference to VE Carolyn Rutherford (and subsequent references only to "the VE") were simply error; a review of the ALJ's opinion makes clear that the testimony he was referring to was, in fact, the testimony of VE Gallen.

Smith also argues that VE Gallen's testimony was impermissible to the extent it was based on the VE testimony given at the July 26, 2004 hearing, which VE Gallen reviewed in preparation for her testimony. Smith understands the prior order remanding this case to have "voided any VE testimony or conclusions rendered by the VE" at the prior hearing because that VE was "clearly established as unqualified." First, this is not an accurate characterization of the remand order, which found fault with the ALJ's failure

to ensure that the record contained an accurate statement of the VE's qualifications and to permit questioning about those qualifications.  No determination was made as to the qualifications of the VE who testified at the 2004 hearing.  Second, it is true that VE Gallen had reviewed the testimony of the VE at the 2004 hearing.  However, during her testimony, VE Gallen indicated assent with some of the prior conclusions and disagreement with parts of the prior conclusions as well.  *E.g.*, R. at 317 (question by ALJ asking VE Gallen if she agreed with a prior conclusion regarding Smith's past work); R. at 310 (ALJ asking VE Gallen if she agreed with prior determination about the types of jobs that could accommodate Smith's limitation in bilateral dexterity); R. at 321-22 (VE Gallen noting that she agreed with the prior conclusion that Smith could perform the jobs of ticket taker or usher with his limitations and noting that she did not entirely agree with the prior conclusion that he could also perform the jobs of machine operator or inventory clerk).  The ALJ relied only on the vocational evidence provided by VE Gallen, and Smith's objection on this ground is rejected.

Smith additionally argues that Magistrate Judge Rapoport incorrectly concluded that Smith bore the burden (and failed to meet the burden) to show any conflicts between the definitions, as given in the Directory of Occupational Titles ("DOT"), a government publication listing occupational requirements, of the jobs identified as able to accommodate his limitations and the related "Selected Characteristics of Occupations" ("SCO") for these jobs.  The Commissioner has issued a policy in this context, directing

-4-

ALJs how to consider the evidence provided by vocational experts.  Social Security

Ruling ("SSR") 00-4p provides that:  "When a [vocational expert] provides evidence

about the requirements of a job or occupation, the adjudicator has an affirmative

responsibility to ask about any possible conflict between that VE or VS evidence and

information provided in the DOT.  In these situations, the adjudicator will:  Ask the VE or

VS if the evidence he or she has provided conflicts with information provided in the

DOT; and [i]f the VE's or VS's evidence appears to conflict with the DOT, the

adjudicator will obtain a reasonable explanation for the apparent conflict."  *See, e.g.*,

*Rutherford v. Barnhart*, 399 F.3d 546, 556-57 (3d Cir. 2005) (describing generally the

requirements of SSR 00-4p and its application).

     Here, the ALJ complied with the SSR's direction to identify and resolve possible

conflicts between the DOT definitions of the jobs identified by the VE and the VE's

testimony about the requirements of those jobs.  Smith is correct that VE Gallen testified,

in response to a question from the ALJ, that she was unfamiliar with SSR 00-4p.  R. at

337.  However, the ALJ also asked VE Gallen whether any of the jobs she identified,

particularly those of ticket taker or usher, would be ruled out by Smith's specific

limitations, and she testified that Smith could perform the requirements of the jobs of

ticket taker and usher.  R. at 321.  The ALJ, then, in his written opinion, reviewed the

VE's testimony and concluded that her view that Smith could work as a ticket taker, and

her reference to that job's characteristic of not requiring bilateral manual dexterity or

reaching, was consistent with the definition of that job in the DOT.  R. at 196.  The ALJ

therefore complied with the requirements of SSR 00-4p.

      For the above-stated reasons, the court affirms and adopts the Report and

Recommendation of Magistrate Judge Rapoport.  An appropriate orders follows.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BURTON A. SMITH,

              Plaintiff

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

              Defendant

CIVIL ACTION

No. 07-3943

## ORDER

March 26, 2009

       Upon consideration of the motion by plaintiff Burton A. Smith for summary judgment, and the defendant's motion for summary judgment, and after careful review of the Report and Recommendation of United States Magistrate Arnold C. Rapoport, it is **ORDERED** that:

    1. The Report and Recommendation is **APPROVED** and **ADOPTED** as

       supplemented by the accompanying Memorandum;

    2. Claimant's Objections to the Report and Recommendation are **OVERRULED**.

                    BY THE COURT:

                     /s/ Louis H. Pollak
                    LOUIS H. POLLAK, J.